J-S25035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MISSION CRITICAL SOLUTIONS LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE H. BOHRER | : | |
| | : | |
| Appellee | : | No. 95 WDA 2022 |

Appeal from the Judgment Entered December 17, 2021
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2018-5357

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: MARCH 17, 2023**

Appellant, Mission Critical Solutions LLC, appeals from the summary judgment entered in favor of Appellee, George H. Bohrer on December 17, 2021. For the following reasons, we dismiss the appeal.

Relevantly, the court entered summary judgment in favor of Appellee on December 17, 2021. Thus, by the 30-day calculation, Appellant's appeal was due January 16, 2022. Nevertheless, January 16th was a Sunday, and the following Monday January 17th was the court holiday of Martin Luther King, Jr. Day. Consequently, Appellant had until January 18, 2022 to file a timely notice of appeal. ***See*** 1 Pa.C.S.A. § 1908 (stating that in calculating timeliness of appeal: "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

Appellant timely filed a notice of appeal on January 18, 2022.[1]

Nevertheless, the trial court stated in its original Rule 1925(a) opinion that Appellant's appeal should be dismissed as untimely filed. (***See*** Trial Court Opinion, filed March 8, 2022, at 1-2). As the trial court declined to discuss the merits of Appellant's appeal in its Rule 1925(a) opinion based on the court's erroneous calculation of the appeal deadline, we initially retained panel jurisdiction and remanded for the trial court to prepare a supplemental Rule 1925(a) opinion addressing all properly preserved issues. We directed Appellant to file a supplemental brief within 30 days of receipt of the court's supplemental opinion; Appellee would have 30 days thereafter to file a responsive supplemental brief.

The trial court filed its supplemental Rule 1925(a) opinion on December 1, 2022, addressing the issue presented in Appellant's Rule 1925(b) statement. To date, Appellant has not filed a supplemental brief in response to the trial court's supplemental opinion. Significantly, Appellant's principal

_____

[1] Appellant inadvertently listed Appellee's name as the party filing the appeal. After realizing the error, Appellant filed an application in this Court to amend the notice of appeal to substitute Appellant's name as the proper party filing the appeal. This Court granted Appellant's request, without prejudice to Appellee's right to raise the issue before the merits panel. Here, the appeal was timely filed within the appeal period deadline. We construe Appellant's error in providing the incorrect party name as a mere clerical error which rendered the notice of appeal defective, but subject to correction. ***See*** Pa.R.A.P. 902 (stating failure of appellant to take any step other than timely filing of notice of appeal does not affect validity of appeal, but it is subject to such action as appellate court deems appropriate). Under these circumstances, we will not dismiss the appeal on this basis.

brief in this case addressed only the trial court's erroneous calculation of the appeal period and had requested a remand for the court to issue a supplemental Rule 1925(a) opinion. The principal brief did not raise any issues on appeal for this Court to address on the merits. Although we granted Appellant's request to remand for a supplemental Rule 1925(a) opinion, Appellant has ignored our directive to file a supplemental brief within 30 days of receipt of the trial court's supplemental Rule 1925(a) opinion. In the absence of any issues presented on appeal challenging the court's entry of summary judgment in favor of Appellee, we must dismiss the appeal. *See* Pa.R.A.P. 2101 (explaining that if defects in brief are substantial, appeal may be quashed or dismissed); ***In re R.D.***, 44 A.3d 657, 674 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding "when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"). Accordingly, we dismiss.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2023

- 3 -